IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| DELVECCHIO THEUS, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 16-cv-2513-SHM-tmp |
| v. | ) No. 13-cr-20116-SHM-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

ORDER

Before the Court is Petitioner Delvecchio Theus's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion"), filed on June 24, 2016. (ECF No. 1.)[1] Theus challenges his sentence in Criminal Case No. 13-20116. The government responded on May 4, 2018. (ECF No. 8.)

For the following reasons, the § 2255 Motion is DENIED.

I. Background

On January 15, 2014, a jury found Theus guilty of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Cr. ECF No. 82.)

---

[1] Citations to (Cr. ECF No. ##) refer to the criminal case United States v. Theus, No. 2:13-cr-20116-SHM-1 (W.D. Tenn.). Citations to (ECF No. ##) refer to this civil case, Theus v. United States, No. 2:16-cv-2513-SHM-tmp (W.D. Tenn.).

At sentencing, the Court determined that Theus was subject to a base level offense of 24 as a career offender under § 2K2.1(a)(2) of the U.S. Sentencing Commission Guidelines (the "U.S.S.G.") because he had at least two felony convictions of a crime of violence or a controlled substance offense. (Presentence Investigation Report ("PSR") ¶ 13.) A "crime of violence" for purposes of § 2K2.1(a) is defined by U.S.S.G. § 4B1.2(a). U.S.S.G. § 2K2.1, cmt. note 1. Theus's predicate offenses were (1) a 1997 conviction for Tennessee robbery and (2) a 2008 conviction for Illinois aggravated battery. (PSR ¶¶ 30, 43.) Theus was also subject to a four-level enhancement under § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense. (Id. ¶ 14.) Theus's total offense level was 28. (Id. ¶ 21.) His criminal history category was VI. (Id. ¶ 70.)

Theus was sentenced to 120 months in prison to be followd by three years on supervised release. (Judgment, Cr. ECF No. 123.)

Theus appealed his conviction and sentence, asserting two arguments. (Cr. ECF No. 125.) First, he argued that "the district court abused its discretion when, over defense counsel's objection, it allowed the government to bolster its witnesses by eliciting testimony that they provided to law

enforcement with prior statements consistent with their trial testimony." (6th Cir. Order, Cr. ECF No. 134 at 1225.)[2] Second, he argued that "the district court erred in applying U.S.S.G. § 2k2.1(b)(6)(B) . . . [because] the record does not support the district court's finding that [Theus's] actions constituted aggravated assault." (Id. at 1226.) On June 25, 2015, the Sixth Circuit affirmed Theus's conviction and sentence, finding that the challenged witnesses' testimony was admissible and that the four-level enhancement was warranted. (Id. at 1226-27.)

On June 24, 2016, Theus filed his § 2255 Motion. (ECF No. 1.) The government responded on May 4, 2018. (ECF No. 8.)

**II. Timeliness**

A § 2255 motion must be filed within § 2255(f)'s one-year statute of limitations. See, e.g., Berry v. United States, No. 2:14-CV-02070-STA-CGC, 2017 WL 401269, at *10 (W.D. Tenn. Jan. 30, 2017). Under § 2255(f)(1), a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." A conviction becomes final upon conclusion of direct review. Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004). Under § 2255(f)(3),

---

[2] Unless otherwise noted, citations to the record refer to the "PageID" number.

3

a petitioner may also bring a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court."

Theus's conviction became final on June 25, 2015. Theus filed his § 2255 Motion on June 24, 2016. Theus filed his § 2255 Motion within one year of the date his conviction became final. His claims are timely under § 2255(f)(1).

**III. Standard of Review**

Pursuant to 28 U.S.C. § 2255(a):

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (quotation marks omitted).

To establish a claim that ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right

4

to counsel, "[f]irst, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. In considering a claim of ineffective assistance, a court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance. . . . The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment.'" Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687, 689) (internal quotation marks omitted).

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." Strickland, 466 U.S. at 694.³ "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Humphress v. United States, 398 F.3d 855, 859 (6th Cir. 2005) (quoting Strickland, 466 U.S. at 694). "In assessing prejudice under Strickland, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 111-12 (citations omitted).

"Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. Strickland, [466 U.S. at 689-690]. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." Id., [at 689]; see also Bell v. Cone, [535 U.S. 685, 702 (2002)];

---

³ "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . ." Strickland, 466 U.S. at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. Id.

6

> Lockhart v. Fretwell, [506 U.S. 364, 372 (1993)]. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. Strickland, [466 U.S. at 690].

Richter, 562 U.S. at 105. Ultimately, "[c]ounsel [cannot] be unconstitutionally ineffective for failing to raise . . . meritless arguments." Mapes v. Coyle, 171 F.3d 408, 427 (6th Cir. 1999).

After a § 2255 motion has been filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id. The § 2255 movant is entitled to reply to the government's response. Rule 5(d), § 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, § 2255 Rules. Where the court considering the § 2255 motion also handled the earlier proceedings at issue (e.g., the change of plea and the sentencing hearing), the court may rely on its recollection of

7

the proceedings.  See, e.g., James v. United States, No. 3:13-01191, 2017 WL 57825, at *1 (M.D. Tenn. Jan. 4, 2017) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)).

**IV. Analysis**

Theus argues that he is entitled to collateral relief on four grounds.  First, he argues he was deprived of his Sixth Amendment right to effective assistance of counsel when his trial attorney did not respond to the government's motion in limine to exclude evidence central to Theus's necessity defense and failed to assert the necessity defense on Theus's behalf. (ECF No. 1 at 4-5.)  Second, Theus alleges prosecutorial misconduct, based on the prosecutor's "knowingly and intentionally placing witnesses on the stand who would commit perjury by giving false testimony."  (Id. at 8.)  Third, Theus alleges that he was deprived of his "Fifth Amendment and Sixth Amendment [rights] to due process and [effective] assistance of counsel" arising from the failure of his trial attorney, Arthur E. Quinn, to withdraw.  (Id. at 12-13.)  Fourth, Theus argues, based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015), that his sentence was unlawfully enhanced.  (Id.)

### A. Ineffective Assistance as to Necessity Defense Theory

Theus argues that his trial counsel was ineffective for failing to respond to the government's motion in limine that sought to exclude evidence that "others had made an attempt on the petitioner's life by shooting several rounds of ammunition at him as he occupied a parked vehicle." (ECF No. 1 at 4-5.) Theus represents that his trial counsel "failed to follow-up" by asserting the necessity defense on Theus's behalf. (Id.) Theus contends that, "[i]f the jurors found that the petitioner honestly and reasonably believed that he had to take possession of a firearm in order to protect himself from imminent danger of death or great bodily harm, then he would be guilty of no offense at all." (Id. at 6.)

Theus's representations are not supported by the facts. The government did not file a motion *in limine* to exclude evidence that others had shot at him before he possessed a firearm. The government's motion represented that:

> The Government does not intend to introduce evidence in its case-in-chief relating to the defendant's possession of this same firearm earlier that day. However, should the defendant open the door by introducing facts related to these earlier incidents, the Government will introduce this additional evidence proving his firearm possession.

(Cr. ECF No. 76 at 310-11.) Theus's argument that his counsel was ineffective for failing to respond to that motion fails.

To the extent that Theus argues that his counsel was ineffective by failing to raise a necessity defense at trial, that argument also fails. The Sixth Circuit has held that a necessity defense requires "five conjunctive requirements[:] [that] [t]he defendant . . . (1) reasonably feared death or serious injury from an imminent threat, (2) [did] not recklessly place[] himself in the path of that threat, (3) had no reasonable alternative to possession, (4) reasonably believed that possession would avert the threat and (5) maintained possession only as long as necessary to avoid the threat." United States v. Moore, 733 F.3d 171, 174 (6th Cir. 2013). "[T]he keystone of the analysis is that the defendant must have no alternative -- either before or during the event -- to avoid violating the law." United States v. Newcomb, 6 F.3d 1129, 1135 (6th Cir. 1993) (internal quotation marks and citations omitted). Theus represents that:

> Immediately prior to petitioner's possession of the subject firearm, others had made an attempt on the petitioner's life by shooting several rounds of ammunition at him as he occupied a parked vehicle. Police Officers responded to a 911 call, and observed the bullet holes in the shot-up vehicle. After the officers departed the scene, the offenders returned to the scene. It was at this time, and in response to seeing them, that the petitioner obtained possession of the shotgun in order to protect himself from being killed. The shotgun was possessed by the petitioner no longer than necessary to save his life.

(ECF No. 1 at 5.)

Even assuming the representations in Theus's § 2255 Motion were true, he would not have been prejudiced by his trial counsel's failure to present a necessity defense. Obtaining a firearm to thwart a potential threat is not adequate to show that the defendant had no reasonable alternative to possession or that the defendant's possession was only as long as necessary to avoid the threat. United States v. Langhorn, 473 F. App'x 436, 441 (6th Cir. 2012) (finding defendant who took possession of a pistol to remove the threat of injury to two children in an apartment failed to satisfy requirements). Theus could have called the police. See id. He could have asked another individual without a prior felony conviction to take the shotgun. See id. He could have gone to a safe place away from the threat. See id. Theus's necessity argument is meritless.

Even if Theus's counsel had raised the necessity defense, Theus would not have been entitled to a jury instruction on necessity. Based on the record at trial, the Court would not have given that instruction. A reasonable jury could not conclude by a preponderance of the evidence that Theus could establish each of the necessity defense factors. Theus's trial counsel was not ineffective for failing to raise the necessity defense.

Theus is not entitled to collateral relief for his trial attorney's failure to respond to the government's motion in limine to exclude evidence relating to the necessity defense or failure to raise the necessity defense at trial.

**B. Prosecutorial Misconduct**

Theus argues that "the prosecutor engaged in misconduct, contrary to the due process clause, by knowingly and intentionally placing witnesses on the stand who would commit perjury by giving false testimony." (ECF No. 1 at 8.) Theus contends that trial witnesses Tameka Roger and Demetrice Jones "gave sworn testimony which federal prosecutors knew was totally inconsistent with objective facts that had been gathered by officers who investigated the circumstances surrounding petitioner's possession of the subject firearm at the time and place in question." (Id.) Theus argues that, "[e]xcept for the prosecutor instructing Tameka Rogers and other witness[] not to mention the prior shooting, and the events surround the shooting, then they would have told the jury facts which would have resulted in petitioner's acquittal of the charge." (Id. at 11.)

To prevail on a claim of prosecutorial misconduct, Theus must show that the prosecutor's conduct was "so egregious as to deny a petitioner a fundamentally fair trial[.]" Johnson v.

12

United States, 47 F.3d 1169, 1995 WL 27406, at *2 (6th Cir. 1995) (table) (citing Donnelly v. DeChristoforo, 416 U.S. 637, 643-45 (1974)). Theus did not raise a prosecutorial misconduct claim at trial or on direct appeal.

When a defendant fails to raise an issue at trial or on direct appeal, that issue is generally waived. See Huff v. United States, 734 F.3d 600, 605-06 (6th Cir. 2013). A claim that would otherwise be waived may be raised through a collateral attack under § 2255 if a defendant "can demonstrate cause and prejudice to excuse his default." Id. at 606. "Ineffective assistance of counsel can constitute cause for a procedural default." Id.

Theus alleges that he did not raise his prosecutorial misconduct claim on direct appeal because of ineffective assistance of counsel. (ECF No. 1 at 12.) For the reasons stated above -- finding that Theus's trial counsel was not ineffective for failing to assert the necessity defense -- his appellate counsel was not ineffective for failing to argue that the prosecutor instructed witnesses not to discuss the "prior shooting." Testimony about the "prior shooting" would not have assisted Theus.

Theus fails to establish that his counsel was ineffective for failing to raise the issue of prosecutorial misconduct at

13

trial or on direct appeal.  He has waived his ability to raise that issue under § 2255.

Theus is not entitled to collateral relief for alleged prosecutorial misconduct.

### C. Ineffective Assistance as to Withdrawal

Theus argues that he "was denied his Fifth Amendment and Sixth Amendment entitlement to Due Process and Assistance of Counsel" when his trial attorney moved to withdraw and then resumed his representation.  (ECF No. 1 at 13-14).  Theus represents that:

> Due to a conflict, [Theus's trial] attorney filed a motion to withdraw from the case.  A hearing was held wherein the court specifically [asked] him whether he wished to continue representing the petitioner.  He responded: "No".  The judge then told [the attorney] that if he would represent the petitioner that the court would insure he would be paid.  The attorney then said that he would in exchange for being paid.  The petitioner objected, but to no avail.  It was the petitioner's position that attorney Arthur E. Quinn was doing nothing to prepare for the upcoming jury trial.  Therefore, since the petitioner possessed a meritorious defense to the charge, it was inexcusable for the attorney not to investigate the facts by interviewing witnesses and speaking to the investigating police officers.  It was on that basis that the petitioner was requesting new counsel.  However, the district court did not want new counsel, and thereby assumed the position of an advocate for the government rather than remaining neutral and unbiased.

(Id. at 13-14.)

Theus's representations have no basis in fact.  On July 16, 2013, Quinn moved to withdraw, representing that Theus "wishes to represent himself in this matter" and that "[b]ecause [Theus] is desirous of representing himself, counsel and [Theus] cannot effectively communicate about the substantive facts of the case."  (Cr. ECF No. 33.)

The Court held a hearing on the motion to withdraw on July 17, 2013.  (Cr. ECF No. 35.)  Quinn represented at the hearing that Theus "expresses a desire that he wishes to represent himself, even to the point that we've not yet discussed in any detail at all the substance of the case."  (Hr'g Tr., Cr. ECF No. 109 at 438:5-7.)  The Court then questioned Theus extensively about his desire to represent himself.  (Id. at 441-451.)  After finding Theus had "knowingly and voluntarily waived his right to counsel," the Court "permit[ted] him to represent himself."  (Id. at 451:10-14.)  Quinn was appointed standby counsel.  (Id. at 451:16-19.)

On August 19, 2013, Theus confirmed his decision to represent himself.  (Trial Tr., Cr. ECF No. 110 at 464:8-13.)  The Court cautioned that Theus could forfeit his right to self-representation by failing to abide by the Court's orders, instructions, or rules, and by disrupting the proceedings.  (Id. at 464:14-25; 465:1-4.)  Despite multiple warnings, Theus

15

continued to make outbursts and failed to follow the Court's instructions. (See id. at 464-94.)

Quinn also raised concerns of Theus's competency and requested a mental evaluation. (Id. at 486:21-25; 487:1-3.) Quinn alternatively requested "a continuance for the simple reason that [Theus had] not conferred substantially with [him] about the merits of the case." (Id. at 487:13-16.)

The Court found that:

> [Theus's] conduct has been sufficiently obstructionist. His behavior is such that he simply can't represent himself. He's forfeited his right to self-representation. For whatever reason, he's unable or unwilling to abide by the rules of the Court; and he has to. You can't have trial unless he does. He's told me over and over he's not going to cooperate. He's not going to do what he needs to do. He keeps talking over me and everybody else and disrupting, and we can't proceed on that basis. We can't have a trial on that basis. It's not in his interest for us to proceed on that basis, but it's not in the interest of justice for us to proceed on that basis either.

(Id. at 498:7-19.) The Court then asked Quinn:

> THE COURT: Are you willing to assume the representation in this case?
>
> DEFENDANT THEUS: No.
>
> MR. QUINN: I'm willing to assume it, your Honor. [Theus] doesn't want me to assume it.
>
> THE COURT: Well, I understand that. You know, he has a right to represent himself.
>
> DEFENDANT THEUS: No uncertain terms.

THE COURT: Not if he forfeits that right.

DEFENDANT THEUS: Not welcome to assign no attorney to the defendant.

THE COURT: Is there anything you want to say, Mr. Theus? Is there anything you want to say?

DEFENDANT THEUS: (No response.)

THE COURT: All right.

DEFENDANT THEUS: I'm only here for the settlement and the adjustment of this account, man.

THE COURT: Well, for the reasons I've stated, Mr. Theus has forfeited his right to represent himself. He's not able. He's not willing. For whatever reason, he is not going to represent himself. He's not going to abide by the rules and procedures of the Court. He's already said he won't. He's told me he's not going to cooperate, and he's continued to obstruct these proceedings in a very serious way. Therefore, although I'm always reluctant to do so, I think I have to recognize my authority under Faretta against California and rule that Mr. Theus has forfeited his right to self-representation.

I'm going to appoint Mr. Arthur Quinn of the Memphis Bar, who's been standby counsel, to represent Mr. Theus.

That means also that in the interest of justice I have to continue this trial over the Government's objection. I must do so for two reasons.

One, I want Mr. Quinn to have every opportunity to be prepared to represent Mr. Theus.

Two, I believe based on Mr. Quinn's representations and my own observation at this point there has to be a mental evaluation of Mr. Theus to determine whether he's competent and capable of assisting in his own defense and understanding the nature of the charges against him. I'm certainly not going to prejudge that evaluation.

So, I'm going to carry this matter over for 60 days to allow those things to happen.

17

(Id. at 499-501.)

Because the representations on which Theus bases his ineffective assistance of counsel claim are contradicted by the record, his claim fails.

### D. Johnson Claim

Theus challenges his sentence based on Johnson, which held, among other things, that the residual clause of the violent felony definition in the Armed Career Criminal Act (the "ACCA") was unconstitutionally vague. Johnson, 135 S. Ct. at 2557. The Supreme Court has made its Johnson rule retroactive to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Theus contends that his "base offense level was improperly calculated through using non-qualifying prior convictions." (ECF No. 1 at 16.) Theus was not sentenced as an armed career criminal under the ACCA. Theus was sentenced as a career offender. (PSR ¶ 13.) To the extent Theus argues that, following Johnson, his Tennessee robbery and Illinois aggravated battery convictions are not considered crimes of violence under the residual clause of U.S.S.G. § 4B1.2(a), that argument fails.

On March 6, 2017, the Supreme Court held that the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. Beckles v. United States, 137 S. Ct. 886 (2017). The Supreme Court held that the residual clause in § 4B1.2(a)(2), as applied after the Court's decision in United States v. Booker, 543 U.S. 220 (2005), is not void for vagueness. Id. Theus's request for Johnson relief is DENIED.

**V.   Appealability**

A certificate of appealability is DENIED because Theus has not made a substantial showing of a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." See Slack v. McDaniel, 529 U.S. 473, 475 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)); see also 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

To the extent Theus may apply to proceed on appeal in forma pauperis, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal would not be taken in "good faith," and, therefore, DENIES leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**VI. Conclusion**

For the foregoing reasons, the § 2255 Motion is DENIED.

So ordered this 3d day of August, 2018.

                                  */s/ Samuel H. Mays, Jr.*
                                  SAMUEL H. MAYS, JR.
                                  UNITED STATES DISTRICT JUDGE